**Nos. 23-1665, 23-1667, 23-1668, 23-1669, 23-1670, 23-1671, 23-1672, 23-1673, 23-1674, 23-1675, 23-1676, 23-1677, 23-1678**

# United States Court of Appeals
# for the Third Circuit

IN RE: BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,
*Debtor,*

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH PA., *et al.*,
*Appellants,*

v.

BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, *et al.*,
*Appellees.*

Appeal from the United States District Court
for the District of Delaware (No. 22-cv-01237)

## REPLY OF INSURERS IN FURTHER SUPPORT OF EMERGENCY MOTION FOR STAY

Deirdre M. Richards
FINEMAN KREKSTEIN
& HARRIS PC
1300 N. King Street
Wilmington, DE 19801
(302) 538-8331

Susan N.K. Gummow
FORAN GLENNON PALANDECH
PONZI & RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
sgummow@fgppr.com

Theodore J. Boutrous Jr.
Richard J. Doren
Blaine H. Evanson
GIBSON, DUNN & CRUTCHER
LLP
333 South Grand Avenue
Los Angeles, California 90071
(213) 229-7000

Michael A. Rosenthal
James Hallowell
Keith R. Martorana
Seth M. Rokosky
GIBSON, DUNN & CRUTCHER
LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, Landmark Insurance Company, and the Insurance Company of the State of Pennsylvania (No. 23-1668)*

Louis J. Rizzo, Jr., Esquire
REGER RIZZO & DARNALL LLP
1521 Concord Pike
Brandywine Plaza West Suite 305
Wilmington DE  19803
(302)477-7100
lrizzo@regerlaw.com

*Attorney for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company ("Travelers") (Nos. 23-1671)*

Maria Aprile Sawczuk, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

Laura McNally, Esq.
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com

David Christian, Esq.
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

*Attorneys for Continental Insurance Company and Columbia Casualty Company (No. 23-1667)*

Kathleen K. Kerns
POST & SCHELL, P.C.
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone: (215) 587-1000
E-mail: kkerns@postschell.com

George R. Calhoun
IFRAH PLLC
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Counsel for Argonaut Insurance Company and Colony Insurance Company (No. 23-1674)*

Kathleen M. Miller
SMITH, KATZENSTEIN &
JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com

Mary E. Borja
Gary P. Seligman
Ashley L. Criss
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Email:  mborja@wiley.law
gseligman@wiley.law
acriss@wiley.law

*Attorneys for General Star Indemnity Company (No. 23-1676)*

Douglas R. Gooding
Jonathan D. Marshall
CHOATE, HALL & STEWART
LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

Kim V. Marrkand
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
kvmarrkand@mintz.com

R. Karl Hill
SEITZ, VAN OGTROP & GREEN,
P.A.
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

*Counsel to Liberty Mutual Insurance Company, The Ohio Casualty Insurance Company, Liberty Insurance Underwriters, Inc., and Liberty Surplus Insurance Corporation (No. 23-1665)*

William H. White Jr.
KIERNAN TREBACH LLP
1233 20th Street, NW
8th Floor
Washington, DC 20036
Tel.: 202-712-7000
wwhite@kiernantrebach.com
*Counsel for Appellant Gemini Insurance Company (No. 23-1675)*

David Christian
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
(312) 282-5282
dchristian@dca.law

Bruce W. McCullough
BODELL BOVE, LLC
1225 N. King St., Suite 1000
Wilmington, DE 19899
(302) 655-6749
bmccullough@bodellbove.com

Konrad R. Krebs
CLYDE & CO US LLP
340 Mt. Kemble Ave, Suite 300
Morristown, New Jersey 07960
(973) 210-6705
konrad.krebs@clydeco.us

Alexander E. Potente
CLYDE & CO US LLP
150 California Street
15th Floor
San Francisco, California 94111
(415) 365-9800
alex.potente@clydeco.us

*Counsel for Great American Assurance Company f/k/a Agricultural Insurance Company, Great American E&S Insurance Company f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company (No. 23-1672)*

Stephen M. Miller
Carl N. Kunz, III
MORRIS JAMES LLP
500 Delaware Avenue, Ste. 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
Email: ckunz@morrisjames.com

*Counsel for Old Republic Insurance Company (No. 23-1670)*

Kathleen M. Miller
SMITH, KATZENSTEIN &
JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
kmiller@skjlaw.com

Lloyd A. Gura
Pamela J. Minetto
MOUND COTTON WOLLAN &
GREENGRASS LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com

*Attorneys for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company (No. 23-1669)*

David M. Fournier
Marcy J. McLaughlin Smith
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1313 N. Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390
david.fournier@troutman.com
marcy.smith@troutman.com

Harris B. Winsberg
Matthew G. Roberts
PARKER, HUDSON, RAINER &
DOBBS LLP
303 Peachtree Street NE, Suite
3600
Atlanta, GA  30308
Telephone: (404) 420-4313
Fax: (404) 522-8409
hwinsberg@phrd.com
mroberts@phrd.com

Margaret H. Warner
Ryan S. Smethurst
Alex M. Spisak
McDERMOTT WILL & EMERY
LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: (202) 756-8228
Fax: (202) 756-8087
mwarner@mwe.com
rsmethurst@mwe.com
aspisak@mwe.com

*Counsel for Allianz Global Risks US Insurance Company (No. 23-1673)*

David M. Fournier
Marcy J. McLaughlin Smith
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1313 N. Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390
david.fournier@troutman.com
marcy.smith@troutman.com

Harris B. Winsberg
Matthew G. Roberts
PARKER, HUDSON, RAINER &
DOBBS LLP
303 Peachtree Street NE, Suite
3600
Atlanta, GA  30308
Telephone: (404) 420-4313
Fax: (404) 522-8409
hwinsberg@phrd.com
mroberts@phrd.com

*Counsel for National Surety Corporation and Interstate Fire & Casualty Company (Case No. 23-1673)*

Marla S. Benedek
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Appellants Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company (No. 23-1678)*

Michael J. Joyce
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
302-388-1944 (Telephone)
mjoyce@mjlawoffices.com

Kevin Coughlin, Esquire
Lorraine Armenti, Esquire
Michael Hrinewski, Esquire
COUGHLIN, MIDLIGE &
GARLAND, LLP
350 Mount Kemble Ave. PO Box
1917 Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
kcoughlin@cmg.law
larmenti@cmg.law
mhrinewski@cmg.law

John M. Flynn, Esquire
Britton C. Lewis, Esquire
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC 27401 336-478-1146
(Telephone) 336-478-1145
(Facsimile)
jmf@crlaw.com
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company
(Case No. 23-1677)*

# PRELIMINARY STATEMENT

For the insurers, the stakes of this appeal are high. According to BSA, the insurers are expected to be major funders of the plan. The insurers have raised significant arguments that the plan impermissibly abrogates their contractual rights and was not proposed in good faith. These issues should be resolved on the merits, not mooted in the interest of "finality." The insurers have made the threshold showing required for a stay pending appeal, establishing a reasonable chance of success on the merits. And without a stay, the insurers will suffer irreparable harm, since BSA has stated it will immediately cause the plan to go effective. The appeal also implicates significant public policy issues, likely to recur in mass tort bankruptcies.

The insurers, who stand behind their policies and are not the wrongdoers here, have every desire that BSA exit bankruptcy and that deserving survivors receive compensation. But that cannot happen through a plan that violates the Bankruptcy Code by abrogating the insurers' contract rights and unfairly enriches claimants' counsel at the direct expense of insurers and the integrity of the bankruptcy process. The Court should grant a stay pending appeal so it can address these

important issues and provide effective relief.

## ARGUMENT

### I.    THE INSURERS ARE LIKELY TO SUCCEED ON THE MERITS.

BSA claims the appeals are meritless because "two courts" have ruled on the plan and considered the insurers' arguments. *See* Resp. 2, 7-8. But most bankruptcy appeals have been reviewed by "two courts," and no one disputes that the insurers may appeal to this Court, which will exercise plenary review. *See* Mot. 11. What is dispositive is whether the insurers have a "reasonable chance" of success on the merits. *See id.* That modest standard is exceeded here; the insurers are *likely* to succeed.

**Contract Abrogation.**   BSA claims there is no "language in the plan" that impermissibly purports to abrogate the insurers' contracts (Resp. 7-8), but never addresses the challenged plan provisions, which contradict the repeated refrain that the plan "preserves all of the Insurers rights and defenses under their policies ... as they existed pre-petition." Op. 7.

What the insurers ask of this Court is straightforward: to apply its own precedent to affirm the bedrock principle that contractual rights cannot be abrogated by a debtor's bankruptcy. The plan here purports to transfer to the trust the rights BSA had under its insurance policies

*without transferring BSA's obligations* under those policies. Mot. 11-14. The courts below approved that partial transfer. Op. 6 (quoting *In re Am. Home Mortg.,* 402 B.R. 87, 92-93 (Bankr. D. Del. 2009) ("[A] debtor may assign, delegate, or transfer rights *and/or* obligations under … the Bankruptcy Code") (emphasis in original)). That conclusion misinterprets *American Home Mortgage* and is contrary to Supreme Court and Third Circuit authority. *See Mission Prod. v. Tempnology, LLC*, 139 S. Ct. 1653, 1663 (2019) ("Whatever limitation[s] on the debtor's property [apply] outside of bankruptcy … appl[y] inside of bankruptcy as well."); *In re Weinstein Co. Hldgs.*, 997 F.3d 497, 505 (3d Cir. 2021) ("Under the terms of the sale, the buyer must typically fulfill obligations under the contract it bought after the sale closes, just as it would with any other asset or liability."); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 245 n. 66 (3d Cir. 2004).

BSA ignores the plan language that makes all the insurers' rights "subject to the Confirmation Order and the plan"—the documents that give the Trustee discretion in setting compensation and establish the Trustee as claimants' fiduciary. Mot. 13-14. Left uncorrected, there is significant risk that a court determining coverage issues will find

(however improperly) that this language renders the outcome of the trust distribution process dispositive, no matter how clear it may be that the Trustee breached the insured's obligations under the assigned policies in a manner that would preclude coverage under state law. Indeed, claimants' counsel, when pressed by the district court at oral argument, refused to state that the plan preserves all rights and obligations under the parties' contracts. *See* D.E. 144 at 125-136. The challenged language, at the very least, raises "the *possibility* that other plan provisions *could affect* aspects of the subject policies," in contravention of Third Circuit law. *Combustion Eng'g*, 391 F.3d at 218 (emphasis added).

These concerns over the plan's potential abrogation of the insurers' rights are heightened because BSA struck from the plan and related documents certain provisions that preserved those contractual rights, at the insistence of claimants' lawyers who have consistently sought to override the insurers' contractual defenses. For example, the following term, initially proposed by BSA, was struck:

> [A] decision by the settlement trust to pay or not to pay any Claim shall not be used in, be admissible as evidence in, be binding in, or have any res judicata, collateral estoppel, or other preclusive effect in any lawsuit or other proceeding against any other entity other than the settlement trust.

Bankr. D.E. 9406 at 101:6-22.

BSA contends that the insurers' only right is "to raise coverage defenses." Resp. 8. But that is not the same as *preserving contractual rights* that could *give rise to coverage defenses*, such as the right to deny or limit coverage under the contract, to defend claims and assess liability, and to consent, or not, to settlements. The mere ability to *raise* a coverage defense—especially one that is *subject to* the plan and confirmation order—would prove cold comfort if the plan rendered the assertion of that defense meaningless by absolving the insurers' contractual counterparty of its obligations.

Contrary to BSA's assertion, the insurers are not seeking to "avoid their contractual obligations" to pay claims. Resp. 12-13. They are seeking to preserve their contractual rights—rights that are all the more important when their insured is aligned with the claimants and when the insurers' new partner as a consequence of the assignment, the Trustee, is duty bound to maximize insurance recoveries. The insurers must be protected against any order that "diminishes their property, increases their burdens, or impairs their rights." *Combustion Eng'g*, 391 F.3d at 214 (citations omitted).

5

**Good Faith.**  The insurers also have a likelihood of success on the independent ground of lack of good faith.  Both courts below concluded that insurers are not entitled to an "insurance neutral" plan of reorganization.  Op. 150; Bankr. Op. 216.  As a result, the insurers were not included among the "aggrieved parties" entitled to consideration in determining whether the plan was proposed in good faith.[1]  This was error, which should be corrected by this Court.

The participation of settling and non-settling insurers as funders is the bedrock plan funding mechanism.  Given that role, the bankruptcy court should have weighed the impacts of the plan negotiations and final terms on the insurers' rights in determining whether the plan was proposed in good faith and should have ensured that a bankruptcy would preserve (but not improperly expand) value "in a manner which does equity and is fair to rights and interests of the parties affected."  *In re SGL Carbon Corp.,* 200 F.3d 154, 161 (3d Cir. 1999).  The insurers were

---

[1] The following draft plan language was also removed at the request of claimants' counsel:  "The Trust Distribution Procedures are intended to balance the interests of Reorganized BSA and the other Protected Parties, holders of Abuse Claims, *and the Non-Settling Insurance Companies*."  Bankr. D.E. 9406 at 117:12-24.

6

undoubtedly materially affected by the plan, but their rights and interests were cast aside when the courts below assessed whether the plan was proposed in good faith. This was reversible error.

This Court has repeatedly expressed concerns about the potential for misconduct in similar mass-tort bankruptcies. *See, e.g.*, *In re Federal-Mogul Inc.*, 684 F.3d 355, 380 (3d Cir. 2012) (creation of settlement trust can "distort ordinary incentives between insurer and insured"). In *American Capital Equipment*, the Court held that a bankruptcy plan was "patently unconfirmable" because it presented an "inherent conflict of interest" where the debtor had a contractual obligation to cooperate with insurers defending claims, but was "incentivized to sabotage its own defense" and proposed a plan that "severely limit[ed] or eliminate[d]" insurers' ability to participate in a defense. 688 F.3d 145, 158-61 (3d Cir. 2012).

As here, in *Global Industrial Technologies*, a bankruptcy triggered an "explosion of new claims," and the debtor sold out its insurers by setting up a system in which they would pay for "ginned up" claims in exchange for claimants' votes. 645 F.3d 201, 213-14. This Court noted that the "profoundly serious charge" implicated "the integrity of the

bankruptcy process" and created a "tangible disadvantage" to insurers. *Id.* Similarly, in *Combustion Engineering*, the Court held that insurers would suffer concrete injury from a plan that, as here, purported to modify rights and obligations under their policies at the direction of the claimants. 391 F.3d at 215-220.

These authorities—and their concern for conflicts of interest, the explosion of claims, the disregard of insurers' rights, and abuse of the bankruptcy process—illustrate why the plan here was not proposed in good faith. The process and the plan itself were tainted by an overt effort to "get the insurers," wrongfully increase their liabilities, and strip them of their contractual rights.

BSA is simply incorrect when it claims the insurers adduced "no evidence" to support these assertions. *See* Mot. 5-8, 16. Most significantly, the insurers demonstrated that the trust distribution procedures greatly inflate settlement values in relation to BSA's prepetition settlement practices: BSA's *own expert* conceded on cross examination that the Trustee would have to reduce the trust's baseline recovery values by approximately 90% for the vast majority of claims just to bring them in line, as required, with BSA's prepetition settlement

practices (e.g., reduce a claim of $600,000 to approximately $60,000). But, at claimants' counsels' insistence, none of that is clearly reflected in the plan documents, resulting in a claims matrix skewed to generate inflated values in the event of subsequent coverage litigation. *See* Resp. 5-6. Though this evidence was raised to the bankruptcy and district courts, those courts failed to address it. *See* D.E. 144 at 26-30, 59-60; D.E. 145 at 20-23.

That this evidence was disregarded by the courts below—combined with the complete absence of any "findings of fact" on the plan's likely effects on the insurers (Resp. 9-10)—indicates that they applied the wrong legal standard in determining whether the plan was proposed "in a manner which does equity and is fair to rights and interests of the parties affected." *SGL Carbon,* 200 F.3d at 162. Following plenary review, the proper remedy will be a remand, among other things, for the bankruptcy court to consider and weigh the insurers' rights in evaluating whether the plan was proposed in good faith.

## II. THE INSURERS WILL BE IRREPARABLY HARMED WITHOUT A STAY.

BSA contends that the insurers will not suffer irreparable harm because they purportedly point only to "the mere possibility that [their

appeals] may become moot." Resp. 11-13. But BSA also states that, absent a stay, all conditions precedent to the plan's effective date can be satisfied *immediately* and that distributions should begin "as soon as possible." Resp. 11-12, 17; Mot. 18-21. BSA does not deny that it will seek to render the appeals equitably moot, and ignores the litany of cases addressing the irreparable harm arising from the potential for mootness and the concrete harm insurers would suffer from implementation of this plan. Mot. 18-19; *see, e.g.*, *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658-59 (3d Cir. 1991) (court considers "nature" of harms from denial of stay).

In any event, BSA does not dispute that the transfer of insurance rights would occur *immediately* when the plan is deemed effective. Upon transfer, it is undisputed that the plan states the *insurers'* rights—such as the rights to defend and consent to settlements —will be subject to the plan, the confirmation order, and applicable law. *See* Mot. 21. That is not "non-justiciable" harm (Resp. 12-13)—it is concrete, through enormous costs and uncertainty to the insurers, which, "despite having their coverage defenses available, will be faced with coverage obligations … in a world that recognizes the existence" of far more potential liability

than would otherwise exist.  *Global Indus. Techs.*, 645 F.3d at 213-14.

## III.   THE BALANCE OF EQUITIES FAVORS A STAY.

BSA will not be "irreparably harmed by a stay."  Resp. 14.  The insurers are amenable to a prompt, consolidated briefing schedule, and BSA ignores that this Court is eminently capable of considering the appeals on a shorter timeframe when it deems it appropriate.  *See* 3d Cir. Local Rule 4.1 (Motions to Expedite).

Despite raising unsubstantiated fears of supposed liquidity "risk" and a speculative parade of financial horribles based on its incorrect assumption of a two-year appeal, BSA cannot support its assertions that the imposition of a stay would cause liquidation of an organization that by its admission has stabilized after operating through more than *three years* of bankruptcy proceedings.  There is no support in the record that BSA "may … be forced to liquidate" and that the plan may "never be[] consummated" if any stay is granted, let alone the short stay requested here.  *See* Resp. 14-15, 19 *see also, e.g.*, Resp. 14; Whittman Decl. ¶ 14 (contending that BSA's membership has now "stabilize[d]" after the plan was confirmed in July 2022).

Contributions to the settlement trust are fixed and the settlement

agreements with the plan supporters remain in effect, with no hint from the settling insurers either that a short stay would cause any party to walk away or that any party could do so. And BSA itself has contended that substantial preparatory work on the trust remains to be completed before claims are paid. *See* Mot. 22-23. The balance of equities favors a stay because claimants and other plan supporters voted for the plan knowing abuse claims would not be paid for many months, or even years, regardless of a stay. *See* Mot. 23; *compare* Whittman Decl. ¶ 19 (wrongly assuming claimants would be paid immediately).

For substantially the same reasons, BSA's request for a staggering $6.9 billion bond as a condition of a stay is meritless. *See*, *e.g.*, Resp. 18-19; Mot. 23; *In re United Merchants & Mfrs., Inc.*, 138 B.R. 426, 430 (D. Del. 1992) (no losses resulting from a stay); *see also, e.g.*, Whittman Decl. ¶¶ 6-12, 16-18 (*speculating* about "hypothetical" harms that could result upon liquidation after a stay of "one to two years"), ¶¶ 11-14 (*assuming* additional expenses and lost donations and membership fees during such a stay); Bankr. D.E. 9406 at 57-68 (Whittman testimony that BSA could operate with its high leverage through bankruptcy). BSA, having brazenly put forward a shock value bond amount, has offered no realistic

assessment of its harms that approaches anything near the $6.9 billion it requests, let alone a reasonable bond reflecting the minimal costs that could actually arise from a stay.

## IV.    THE PUBLIC INTEREST FAVORS A STAY.

BSA ignores the extraordinary nature of the issues raised in this case that are likely to recur in mass tort bankruptcies and the importance of this Court addressing the merits of those issues on appeal.  (Mot. 24-25.)    Instead, BSA emphasizes the "general public policy" favoring finality and the "overwhelming majority [of voting creditors]"—neither of which justify permitting a plan to move forward when it deprives central players in this bankruptcy of the protections afforded them by contract and the Bankruptcy Code.  Resp. 16-17.  BSA points to nothing that would justify depriving this Court of the ability to *consider* the significant issues of public interest in these appeals.

Dated: April 14, 2023

Respectfully submitted,

By: /s/ Theodore J. Boutrous Jr.

Deirdre M. Richards
FINEMAN KREKSTEIN
& HARRIS PC
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
drichards@finemanlawfirm.com

Theodore J. Boutrous Jr.
Richard J. Doren
Blaine H. Evanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
(213) 229-7000
tboutrous@gibsondunn.com
bevanson@gibsondunn.com

Susan N.K. Gummow
FORAN GLENNON
PALANDECH PONZI &
RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
sgummow@fgppr.com

Michael A. Rosenthal
James Hallowell
Keith R. Martorana
Seth M. Rokosky
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000
mrosenthal@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondunn.com
srokosky@gibsondunn.com

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa.,
Lexington Insurance Company, Landmark Insurance Company, and the
Insurance Company of the State of Pennsylvania
(Case No. 23-1668)*

14

By: /s/ *Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr., Esquire
REGER RIZZO & DARNALL LLP
1521 Concord Pike
Brandywine Plaza West Suite 305
Wilmington DE  19803
(302)477-7100
lrizzo@regerlaw.com

*Attorney for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company ("Travelers")*
*(Case No. 23-1671)*

By: /s/ *Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

David Christian, Esq.
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

Laura McNally, Esq.
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com

*Attorneys for Continental Insurance Company and Columbia Casualty Company*
*(Case No. 23-1667)*

By: /s/ *Kathleen K. Kerns*
Kathleen K. Kerns
POST & SCHELL, P.C.

George R. Calhoun
IFRAH PLLC
1717 Pennsylvania Ave., N.W.

15

Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone: (215) 587-1000
E-mail: kkerns@postschell.com

Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com


*Counsel for Argonaut Insurance Company and Colony Insurance Company*
*(Case No. 23-1674)*

By: */s/ Kathleen M. Miller*
Kathleen M. Miller
SMITH, KATZENSTEIN &
JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com

Mary E. Borja
Gary P. Seligman
Ashley L. Criss
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Email:  mborja@wiley.law
gseligman@wiley.law
acriss@wiley.law

*Attorneys for General Star Indemnity Company*
*(Case No. 23-1676)*

By: */s/ Douglas R. Gooding*
Douglas R. Gooding
Jonathan D. Marshall
CHOATE, HALL & STEWART
LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

Kim V. Marrkand
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
kvmarrkand@mintz.com

R. Karl Hill
SEITZ, VAN OGTROP & GREEN,
P.A.
222 Delaware Avenue
Suite 1500

Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

*Counsel to Liberty Mutual Insurance Company, The Ohio Casualty Insurance Company, Liberty Insurance Underwriters, Inc., and Liberty Surplus Insurance Corporation*
*(Case No. 23-1665)*

BY:  /s/ *William H. White Jr.*
William H. White Jr.
KIERNAN TREBACH LLP
1233 20th Street, NW
8th Floor
Washington, DC 20036
Tel.: 202-712-7000
wwhite@kiernantrebach.com

*Counsel for Appellant Gemini Insurance Company*
*(Case No. 23-1675)*

David Christian
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
(312) 282-5282
dchristian@dca.law

Bruce W. McCullough
BODELL BOVE, LLC
1225 N. King St., Suite 1000
Wilmington, DE 19899
(302) 655-6749
bmccullough@bodellbove.com

By:  /s/ *Konrad R. Krebs*
Konrad R. Krebs
CLYDE & CO US LLP
340 Mt. Kemble Ave, Suite 300
Morristown, New Jersey 07960
(973) 210-6705
konrad.krebs@clydeco.us

Alexander E. Potente
CLYDE & CO US LLP
150 California Street
15th Floor
San Francisco, California 94111
(415) 365-9800
alex.potente@clydeco.us

*Counsel for Great American Assurance Company f/k/a Agricultural*

17

*Insurance Company, Great American E&S Insurance Company f/k/a*
*Agricultural Excess and Surplus Insurance Company, and Great*
*American E&S Insurance Company*
*(Case No. 23-1672)*

By: /s/ Stephen M. Miller
Stephen M. Miller
Carl N. Kunz, III
MORRIS JAMES LLP
500 Delaware Avenue, Ste. 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
Email: ckunz@morrisjames.com

*Counsel for Old Republic Insurance Company*
*(Case No. 23-1670)*

By: /s/ Kathleen M. Miller

| | |
|---|---|
| Kathleen M. Miller | Lloyd A. Gura |
| SMITH, KATZENSTEIN & | Pamela J. Minetto |
| JENKINS LLP | MOUND COTTON WOLLAN & |
| 1000 West Street, Suite 501 | GREENGRASS LLP |
| P.O. Box 410 | One New York Plaza 44th Floor |
| Wilmington, DE 19899 | New York, NY 10004 |
| Telephone: (302) 652-8400 | Tel: (212) 804-4282 |
| kmiller@skjlaw.com | Email: lgura@moundcotton.com |
| | pminetto@moundcotton.com |

*Attorneys for Indian Harbor Insurance Company, on behalf of itself and*
*as successor in interest to Catlin Specialty Insurance Company*
*(Case No. 23-1669)*

By:*/s/ David M. Fournier*
David M. Fournier
Marcy J. McLaughlin Smith
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1313 N. Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390
david.fournier@troutman.com
marcy.smith@troutman.com

Margaret H. Warner
Ryan S. Smethurst
Alex M. Spisak
McDERMOTT WILL & EMERY
LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: (202) 756-8228
Fax: (202) 756-8087
mwarner@mwe.com
rsmethurst@mwe.com
aspisak@mwe.com

Harris B. Winsberg
Matthew G. Roberts
PARKER, HUDSON, RAINER &
DOBBS LLP
303 Peachtree Street NE, Suite
3600
Atlanta, GA  30308
Telephone: (404) 420-4313
Fax: (404) 522-8409
hwinsberg@phrd.com
mroberts@phrd.com

*Counsel for Allianz Global Risks US Insurance Company
(Case No. 23-1673)*

By:*/s/ David M. Fournier*
David M. Fournier
Marcy J. McLaughlin Smith
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1313 N. Market Street, Suite 5100

Harris B. Winsberg
Matthew G. Roberts
PARKER, HUDSON, RAINER &
DOBBS LLP
303 Peachtree Street NE, Suite
3600

P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390
david.fournier@troutman.com
marcy.smith@troutman.com

Atlanta, GA  30308
Telephone: (404) 420-4313
Fax: (404) 522-8409
hwinsberg@phrd.com
mroberts@phrd.com

*Counsel for National Surety Corporation and Interstate Fire & Casualty Company (Case No. 23-1673)*


/s/ *Marla S. Benedek*
Marla S. Benedek
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Appellants Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*
*(Case No. 23-1678)*


/s/ *Michael J. Joyce*
Michael J. Joyce
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
302-388-1944 (Telephone)
mjoyce@mjlawoffices.com
Kevin Coughlin, Esquire
Lorraine Armenti, Esquire
Michael Hrinewski, Esquire
COUGHLIN, MIDLIGE &
GARLAND, LLP

John M. Flynn, Esquire
Britton C. Lewis, Esquire
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC 27401 336-478-1146
(Telephone) 336-478-1145
(Facsimile)
jmf@crlaw.com
bcl@crlaw.com

350 Mount Kemble Ave. PO Box
1917 Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
kcoughlin@cmg.law
larmenti@cmg.law
mhrinewski@cmg.law

*Counsel to Arrowood Indemnity Company*
*(Case No. 23-1677)*

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the word limit set by the Court. A proportionally spaced typeface was used, as follows:

    Name of typeface:  Century Schoolbook
    Point size:  14
    Line spacing:  Double

The total number of words in the brief, excluding the items set forth in Federal Rule of Appellate Procedure 32(f), is 2,596.

## CERTIFICATE OF SERVICE

On April 14, 2023, I caused a copy of this reply to be served by email on counsel of record for the parties via ECF.

/s/ Theodore J. Boutrous Jr.
Theodore J. Boutrous Jr.
Blaine H. Evanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
(213) 229-7000